**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARYL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1613 |
| | ) | District Judge Arthur J. Schwab |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| UNIVERSAL INTERMODAL SERVICES, | ) | |
| INC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1-2, be dismissed for failure to prosecute.

**II.    REPORT**

Plaintiff Daryl Williams filed this action while represented by counsel in the Court of Common Pleas of Allegheny County, Pennsylvania and named Universal Intermodal Services, Inc. ("Universal") as a defendant.[1] ECF No. 1-2 at 15. Mr. Williams brings claims arising out of a single-vehicle accident that occurred on August 17, 2022 when cargo in a trailer hauled by Mr. Williams shifted without warning and caused Mr. Williams' truck to overturn. Id. at 18. Universal maintains a registered office in Michigan and Mr. Williams is a Pennsylvania resident. ECF No. 1 at 2. On September 8, 2023, Universal timely removed the action to this Court based on diversity jurisdiction. Id. (citing 28 U.S.C. § 1441 et seq., 28 U.S.C. § 1332).

---

[1] Mr. Williams stipulated to the dismissal of Universal Logistics Holdings, Inc. as incorrectly named in this matter. ECF No. 1-2 at 4.

On April 12, 2024, counsel for Mr. Williams filed an Uncontested Motion to Extend Deadlines. ECF No. 24. Counsel explained that based on discovery conducted to date, Universal appeared not to be involved in the complained of incident. Counsel also stated that he had been unable to reach Mr. Williams by phone, email, and standard mail. Id. The Court granted the Motion for Extension of Time and scheduled a telephonic status conference to be held on July 31, 2024. ECF No. 24. Thereafter, counsel for Mr. Williams filed a Motion to Withdraw as Attorney, citing two-dozen unsuccessful attempts to reach Mr. Williams. ECF No. 26. For good cause shown, the Court granted the Motion to Withdraw on April 23, 2024, and stayed this action for 90 days to permit Mr. Williams to obtain new counsel if he chooses.  ECF No. 27. A copy of the Order was mailed to Mr. Williams, and his former counsel was directed to mail and email copies of the Order to him. Id.

A telephonic status conference was held on July 31, 2024, to discuss the status of this action with Mr. Williams. Mr. Williams failed to appear at the status conference and as reflected on the docket, replacement counsel has not been identified nor entered an appearance.

On August 1, 2024, the Court entered an Order to Show Cause directing Mr. Williams to show good cause why this case should not be dismissed for failing to appear at the Telephone Status Conference scheduled for July 31, 2024. ECF No. 28. Plaintiff was directed to respond to the Order on or before August 16, 2024.  To date, Mr. Williams has not responded to the Order to Show Cause nor given any indication that he wishes to continue this litigation. The Order to Show Cause was not returned to the Court as undeliverable.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must

consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n. 1).

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Mr. Williams is

3

proceeding *pro se* at this time, he is solely responsible for his own conduct, including his failure

to respond to an order from the Court. See, e.g., Colon v. Karnes, No. 1:11-cv-1704, 2012 WL

383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for

his own actions."). Further, he failed to appear at a scheduled status conference and failed to

communicate with former counsel for well over nine months. As reflected on the docket, the Court

mailed a copy of all relevant orders to Mr. Williams home, and there is no indication he has not

received the Court's mailings. This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party suffered prejudice because of

the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the

inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or

costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by

impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale

Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage of the litigation, this factor weighs

heavily against Mr. Williams because "continued failure to communicate with the Court and

continued inaction frustrates and delays resolution of this action." See Mack v. United States, No.

3:17-cv-1982, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate

clearly prejudices the Defendants who seek a timely resolution of the case.").

The third factor, "history of dilatoriness," also weighs heavily against Mr. Williams. As

explained, he has not responded to an Order entered by this Court related to a scheduled status

conference and he has failed to respond to the Court's Order to Show Cause. Thus, Mr. Williams

has engaged in a pattern of dilatory conduct that serves to delay resolution of this matter.

With respect to the fourth Poulis factor, "[w]illlfulness involves intentional or self-serving

behavior." Adams, 29 F.3d at 874. In this case, there is nothing on the docket to suggest that Mr.

Williams is unable to respond to Court orders. Thus, his failure to comply with the Court's orders appears willful.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions or alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. Mack, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Mr. Williams' claim. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, Mr. Williams' former counsel has disclosed that it does not appear that Universal was involved in the complained of incident and the Court is unable to evaluate whether any other grounds for liability remain because Mr. Williams has failed to participate in this litigation, including by failing to communicate with his former counsel, failing to attend the Telephonic Status Conference as ordered by the Court, and by failing to respond to the Court's Order to Show Cause. This factor also weighs in favor of dismissal.

While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the extreme sanction of dismissal is supported by the Poulis factors.

## III.    CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections within fourteen days, or seventeen days

for unregistered ECF Users.  Objections are to be submitted to the Clerk of Court, United States

District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file

objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir.

2011).  Any party opposing objections may respond to the objections within fourteen days in

accordance with Local Civil Rule 72.D.2.


Dated:  August 21, 2024                                    BY THE COURT:


                                                           */s/ Maureen P. Kelly*_____
                                                           MAUREEN P. KELLY
                                                           UNITED STATES MAGISTRATE JUDGE




cc:      The Honorable Arthur J. Schwab
         United States District Judge

         All counsel of record via CM/ECF

         Daryl Williams
         220 5th Avenue
         Braddock, PA 15104